# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1292V
Filed: February 21, 2018
Not to be Published.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JENNIFER SOGHOMONIAN, on behalf of K.S., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | measles-mumps-rubella ("MMR") vaccine; <br> idiopathic thrombocytopenic purpura ("ITP"); <br> dismissal for failure to prosecute |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Allison R. Bracy, Los Angeles, CA, for petitioner.
Darryl R. Wishard, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On October 30, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that her son, K.S., suffered from idiopathic thrombocytopenic purpura ("ITP") as a result of his receipt of measles-mumps-rubella ("MMR") vaccine on October 15, 2012.  Pet. at 1-2.  Petitioner alleges a Table injury, or in the alternative, an off-Table injury caused in fact by MMR vaccine.

This case is now **DISMISSED** for failure to prosecute and failure to obey the undersigned's Order of December 28, 2017 and Order to Show Cause dated February 12, 2018,

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

under Vaccine Rule 21(b)(1).

## BACKGROUND

The case was initially assigned to Chief Special Master Dorsey (SPU) on October 30, 2015.

Petitioner filed medical records on November 16, 2015.  Petitioner filed more medical records and the statement of completion on March 24, 2016.  Respondent filed his Rule 4(c) Report on April 19, 2016.

On May 24, 2016, Chief Special Master Dorsey found preponderant evidence to support a preliminary finding that the onset of K.S.'s ITP occurred between November 23, 2012 and November 30, 2012, within the 30-day timeframe for a Table injury of ITP following MMR vaccine.  Doc 20, at 2.  Because respondent argued K.S.'s human metapneumovirus ("HMPV") caused K.S.'s injury, Chief Special Master Dorsey ordered petitioner to file an expert report addressing whether HMPV played a causal role in the development of K.S.'s ITP by July 18, 2016.  After two motions for an extension of time, petitioner filed her expert report on October 13, 2016.

On February 23, 2017, Chief Special Master Dorsey held a status conference, during which respondent's counsel explained that he received authority to enter into settlement discussions and it was represented that K.S. had been experiencing speech impairments, but respondent does not believe these symptoms are related to his ITP injury.  Petitioner said K.S.'s speech pathology is a result of the intracranial hemorrhage he experienced as a result of his ITP.  Chief Special Master Dorsey ordered petitioner to file an expert report by May 15, 2017 addressing the issue of whether K.S. is experiencing speech and cognitive impairments, and if so, how those impairments are related to K.S.'s ITP.  Doc 33, at 2-3.  Petitioner never filed an expert report in accordance with the Order of February 23, 2017.

On February 23, 2017, the case was reassigned to the undersigned.

During a status conference on May 22, 2017, the undersigned explained she believes this is a good case for settlement and ordered petitioner to file the individualized education plans ("IEP") created for K.S. as well as K.S.'s speech therapy records.

On June 12, 2017, petitioner's counsel said during a status conference that she would like to have a neuropsychologist test K.S. to see if he has any cognitive delays that were not noted in his IEP.

On July 12, 2017, the undersigned held a status conference and ordered petitioner to file K.S.'s medical records from his visit to a pediatric neurologist by September 7, 2017 and make a demand on respondent by September 8, 2017.

On September 7, 2017, the undersigned granted petitioner's motion for an extension of time until November 9, 2017 to file K.S.'s medical records and a status report saying she made a demand. Petitioner filed nothing by November 9, 2017.

On November 15, 2017, the undersigned issued her first Order to Show Cause in this case due to petitioner's failure to prosecute and failure to obey her Order of September 7, 2017. The undersigned ordered petitioner to file K.S.'s medical records, make a demand on respondent, and file a status report stating she did so, or to move for an extension of time by November 29, 2017.

On November 28, 2017, petitioner filed a status report saying K.S. was unable to obtain additional medical treatment and petitioner made a demand on respondent on November 27, 2017.

The undersigned held a status conference on December 28, 2017, during which she ordered petitioner to send respondent a letter from her pediatric neurology expert ("the letter") discussing K.S.'s need for additional speech therapy, the relationship between K.S.'s speech deficit and ITP, and any other issues respondent raised during a status conference on the same day by January 8, 2018. According to respondent, petitioner never sent him the letter.

On February 5, 2018, the undersigned learned that petitioner's counsel has moved to another law firm and ordered petitioner's counsel to file a notice of change of address and employer by February 12, 2018. The undersigned's law clerk emailed petitioner's counsel regarding the same matter on the same day. Petitioner neither filed a notice of change of address and employer nor contacted the undersigned's Chambers by February 12, 2018.

In her second Order to Show Cause dated February 12, 2018, the undersigned ordered petitioner to send respondent the letter and file a notice of change of address and employer by February 20, 2018. If she did neither, the undersigned would dismiss the case. Petitioner did not file anything by February 20, 2018.

## DISCUSSION

Under Vaccine Rule 21(b)(1), the undersigned can dismiss a petition based on petitioner's failure to prosecute and/or failure to obey orders. Petitioner's counsel failed to prosecute and failed to obey Orders on four occasions: (1) Chief Special Master Dorsey's Order of February 23, 2017; (2) the undersigned's Order of September 7, 2017; (3) the undersigned's Order of December 28, 2017; and (4) the undersigned's Order to Show Cause dated February 12, 2018.

This undersigned **DISMISSES** this petition for failure to prosecute and failure to obey the above-mentioned Orders, under Vaccine Rule 21(b)(1).

## CONCLUSION

The petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated:  February 21, 2018               /s/ Laura D. Millman
                                            Laura D. Millman
                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.