# In the United States Court of Federal Claims

No. 15-1292V

(E-Filed:  June 21, 2018)[1]

|  |  |  |
|---|---|---|
| JENNIFER SOGHOMONIAN,<br>on behalf of K.S., | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Dismissal for Failure to<br>Prosecute. |
| SECRETARY OF HEALTH<br>AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) ) | |

Allison R. Bracy, Rancho Cucamonga, CA, for petitioner.

Darryl R. Wishard, Senior Trial Attorney, with whom were Chad A. Readler, Acting Assistant Attorney General, C. Salvatore D'Alessio, Acting Director, Catherine E. Reeves, Deputy Director, Torts Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.

## OPINION

CAMPBELL-SMITH, Judge.

Before the court is petitioner's motion for review of the special master's decision of dismissal for failure to prosecute, pursuant to Rules 23 and 24 in Appendix B (Vaccine Rules) of the Rules of the United States Court of Federal Claims (RCFC), and RCFC 60, filed on March 22, 2018.  See ECF No. 48.  The government has filed a response.  See ECF No. 51.  This matter is ripe and ready for a decision by the court. For the following reasons, petitioner's motion is **DENIED**, and the special master's decision is **SUSTAINED**.

---

[1]      Pursuant to Rule 18(b) of the Vaccine Rules of the United States Court of Federal Claims (Appendix B to the Rules of the United States Court of Federal Claims), this opinion was initially filed under seal on June 4, 2018.  Pursuant to ¶ 4 of the ordering language, the parties were to propose redactions of the information contained therein on or before June 19, 2018.  No proposed redactions were submitted to the court.

I.      Background

On October 30, 2015, petitioner filed the present vaccine action on behalf of K.S. See ECF No. 1.  After nearly a year and a half of litigation, on February 23, 2017, respondent reported to the special master that the Secretary intended to engage in settlement discussions.  See ECF No. 46 at 2 (Spec. Mastr. Dec.).  In order to assist the parties in resolving questions about the cause of speech and cognitive impairments experienced by K.S., the special master directed petitioner to file an expert report addressing the speech and cognitive impairments, on or before May 15, 2017.  See id. Petitioner never filed the expert report.  See id.

On June 12, 2017, petitioner expressed a desire to have a neuropsychologist test K.S. for cognitive delays that had not previously been identified.  See id.  On July 12, 2017, the special master directed petitioner to file K.S.'s medical records from a visit to a pediatric neurologist on or before September 7, 2017, and to make a demand on respondent on or before September 8, 2017.  See id.  The special master granted an extension of those deadlines, giving petitioner until November 9, 2017, to file the records and a status report relating to a demand on respondent.  See id. at 3.  Petitioner did not file either the records or the report by November 9, 2017.  See id.

The special master issued an order on November 15, 2017, directing petitioner to show cause why she had failed to meet the court's deadlines.  See id.  In the order, the special master directed petitioner to file the medical records, make a demand on respondent, and file a status report on or before November 29, 2017.  See id.  On November 28, 2017, petitioner filed a status report informing the special master that she was unable to obtain additional medical treatment for K.S., and stating that she made a demand on respondent on November 27, 2017.  See id.

During a status conference on December 28, 2017, the special master directed petitioner to forward a letter from her pediatric neurology expert to respondent.  See id. Respondent never received the letter.  See id.

The special master learned, on February 5, 2018, that petitioner's counsel had changed law firms, and directed counsel to update her contact information on or before February 12, 2018.  See id.  The special master's law clerk also attempted to contact petitioner's counsel by email the same day.  See id.  Petitioner's counsel did not respond by February 12, 2018.  See id.

The special master entered a second show cause order on February 12, 2018, stating that if petitioner's counsel failed to respond to the previous inquiries on or before February 20, 2018, the case would be dismissed.  Petitioner did not file anything by February 20, 2018.  See id.

On March 19, 2018, the special master dismissed the case for failure to prosecute and for failure to obey four orders:  (1) the February 23, 2017 order directing petitioner to file an expert report relating to speech and cognitive impairments, on or before May 15, 2017; (2) the September 7, 2017 order directing petitioner to file medical records from a pediatric neurologist and a status report regarding a demand on respondent, on or before November 9, 2017; (3) the December 28, 2017 order directing petitioner to forward a letter from her pediatric neurology expert to respondent; and (4) the February 12, 2018 show cause order.  See id.

II.     Legal Standards

The United States Court of Federal Claims has jurisdiction to review the special master's decision pursuant to 42 U.S.C. § 300aa-12(e)(1) (2012).  See also Vaccine Rule 23.  Following its review, the court may either:  (1) uphold the special master's findings of fact and conclusions of law and sustain the special master's decision; (2) set aside some or all of the special master's findings of fact and conclusions of law and issue different findings of fact and conclusions of law; or (3) remand the petition for further action in accordance with the court's direction.  See 42 U.S.C. § 300aa-12(e)(2)(A)-(C); see also Vaccine Rule 27.

Vaccine Rule 21(b)(1) states that a "special master . . . may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master."  The court reviews a special master's decision dismissing a petition for failure to prosecute under an abuse of discretion standard.  See Padmananbhan v. Sec'y of Dep't of Health & Human Servs., 638 F. App'x 1013, 1014-15 (Fed. Cir. 2016) (per curiam).

A special master abuses his or her discretion when the decision is:

> (1) . . . clearly unreasonable, arbitrary, or fanciful; (2) . . . based on an erroneous conclusion of the law; (3) . . . clearly erroneous; or (4) the record contains no evidence on which the . . . [special master] rationally could have based his decision.

Murphy v. Sec'y of Dep't of Health & Human Servs., 30 Fed. Cl. 60, 61 (1993) (quoting Hendler v. United States, 952 F.2d 1364, 1380 (Fed. Cir. 1991)).  See also Munn v. Sec'y of Dep't of Health & Human Servs., 970 F.2d 863, 870 (1992) (explaining this court owes "great deference" to the fact-findings and fact-based conclusions of the special master).  An "abuse of discretion may only be found where 'no reasonable man would take the view adopted by the [special master]    . . . .'"  Murphy, 30 Fed. Cl. at 62 (quoting PPG Indus., Inc. v. Celanese Polymer Specialties Co., 840 F.2d 1565, 1572 (Fed. Cir. 1988)).

III.     Analysis

Petitioner now claims that the special master improperly dismissed her case because:

> 1)  The Special Master's decision based on failure to follow Court orders is unjust and relief should be granted to Petitioner as each enumerated violation was as [a] result of inadvertence or excusable neglect on the part of Petitioner's attorney[, and]
>
> 2)  The Special Master's decision based on Petitioner's failure to prosecute is not supported by the evidence and history of this case.

ECF No. 48 at 2-3.  In her motion requesting review of the special master's order dismissing the case, petitioner attempts to explain or justify each of her failures to comply with the special master's orders.

As to the first order at issue, the February 23, 2017 order directing petitioner to file an expert report relating to speech and cognitive impairments on or before May 15, 2017, petitioner states that "given Minor K.S.'s age, his treating physicians felt that it was too early to fully evaluate any cognitive impairment." Id. at 4.  The court has no reason to question the veracity of this statement, but even assuming this to be the case, such a medical conclusion does not excuse petitioner from complying with a court order. If no evaluation was possible, petitioner should have informed the special master by the May 15, 2017 deadline.

Petitioner states that she updated the court at a May 22, 2017 status conference, and that during the conference the special master "excused the failure to submit a report." Id. at 8.  According to the case docket, the conference was not officially recorded, and the scheduling order entered after the conference did not address the issue. See ECF No. 36 (scheduling order).  In the court's view, the fact that the special master specifically discussed petitioner's failure to comply with the February 23, 2017 order in dismissing the case is weighty counter-evidence to petitioner's claim that her failure was excused.  Further, the fact that petitioner explained her failure at a later time does not amount to retroactive compliance with the special master's order.

Petitioner offers no colorable excuse for her failure to comply with the second order at issue, the September 7, 2017 order directing petitioner to file medical records from a pediatric neurologist and a status report regarding a demand on respondent, on or before November 9, 2017.  She states that "Petitioner's attorney inadvertently missed this deadline and instead filed a status report and made a settlement demand on November 29, 2017." ECF No. 48 at 8.  She then claims that the report was "accepted

4

by the Court with no further mention." Id.  The court fails to see how this explanation in any way excuses petitioner's failure.  See Bridgham v. Sec'y of the Dept. of Health & Human Servs., 33 Fed. Cl. 101, 105 (1995) (finding, in the context of a motion pursuant to RCFC 60(b)(1), that carelessness on the part of counsel is not a sufficient reason to grant relief).

Although petitioner acknowledges that she was directed to forward a letter from her pediatric neurology expert to respondent on December 28, 2017, she offers no excuse at all for her failure to do so.  See ECF No. 48 at 5-6, 8-9.  Around the second week of January 2018, petitioner's counsel left the law firm with which she had been practicing, and she claims that she expected her prior firm to ensure compliance with any deadlines.  See id.  She states that she had no knowledge of the February 12, 2018 show cause order.  See id. at 6.

So long as petitioner's counsel was the attorney of record in this matter, she remained responsible for compliance with all relevant orders.  The special master made this abundantly clear in her order dated December 28, 2017, in which she acknowledged petitioner's counsel's plan to change law firms, directing petitioner to "file a notice of change of address after her counsel changes the address and contact number."  See ECF No. 43 at 1 (status conf. order).  The fact that petitioner's counsel entered into a new professional arrangement does not excuse her disregard of the special master's orders.

IV.    Conclusion

For the foregoing reasons,

(1)    Petitioner's motion for review, ECF No. 48, is **DENIED**;

(2)    The special master's February 21, 2018 decision, ECF No. 46, is **SUSTAINED**;

(3)    The clerk's office is directed to **ENTER** final judgment in accordance with the special master's decision of February 21, 2018; and

(4)    The parties shall separately **FILE** any **proposed redactions** to this opinion, with the text to be redacted clearly marked out or otherwise indicated in brackets, on or before **June 19, 2018**.

IT IS SO ORDERED.

s/Patricia Campbell-Smith
PATRICIA CAMPBELL-SMITH
Judge